IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN L. DESHAZO,

    Plaintiff,

vs.

C/O HIENG, et al.,

    Defendants.

CV F 07 1258 OWW WMW PC

ORDER GRANTING LEAVE TO FILE AN AMENDED COMPLAINT

(THIRTY DAY DEADLINE)

    Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the November 15, 2007, first amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Kern Valley State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Corcoran State Prison. Plaintiff names the following defendants: Director of the California Department of Corrections and Rehabilitation; Derral Adams, Warden at CSP Corcoran; Correctional Officer Hieng; Correctional Counselor Hicinbothom; Jane Doe Nurse; John Doe Doctor.

    Plaintiff's claims in this complaint stem from an incident that occurred on relate to the conditions of his confinement. Plaintiff is confined to a wheelchair due to a spinal injury he

1

suffered in 1994.  On June 5, 2006, Plaintiff requested to see a mental health care manager. Plaintiff was interviewed by Jane Doe, who ordered C/O Hieng to return Plaintiff to his cell. Plaintiff alleges that before he reached his cell, "Defendant Hieng, maliciously and sadistically kneed the plaintiff in the lower back causing Plaintiff to fall out of the wheeled chair causing great bodily injury and damaging Plaintiff's medtronic 4 spinal cord stimulator which alleviates the pain in my lower body."   Plaintiff attempted to get help by yelling "man down."

A week later, Plaintiff was moved to the prison infirmary.  Plaintiff was in fear for his safety.  Plaintiff alleges that he was seen by John Doe doctor, "who refused to treat his injuries." Plaintiff informed Defendant Hiconbothom of the incident.  Plaintiff was told to file an inmate grievance, and "he would take care of it."  Plaintiff submitted the grievance, "and had to wait 7 months for a denial."  Plaintiff filed a staff complaint with the Internal Affairs Office on December 7, 2006.

As to Defendant Hieng, Plaintiff has stated a claim for relief for excessive force in violation of the Eighth Amendment.

As to the remaining defendants, Plaintiff has failed to allege facts sufficient to state a claim for relief.  To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The

Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff names several individual defendants, but fails to charge each of them with conduct that constitutes a constitutional violation. In order to hold a defendant liable, Plaintiff must allege facts indicating that the defendant engaged in conduct that deprived Plaintiff of a protected interest.

As to the supervisory defendants, liability may be imposed on supervisory defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege that facts indicating that the supervisory defendants participated in, or knew of and failed to prevent, the alleged wrongs.

As to Dr. John Doe, under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132. The allegations of the complaint are contradictory. Plaintiff alleges that he was seen, yet defendant John Doe refused to treat Plaintiff. Plaintiff must

allege facts indicating that Dr. John Doe knew of and disregarded a serious risk to Plaintiff's health or safety, resulting in injury to Plaintiff.   Further, the court can no order service upon unidentified defendants.  Plaintiff must identify defendant John Doe.

The first amended complaint states a claim for relief as to Defendant Hieng.  As to the remaining defendants,  the court finds the allegations in plaintiff's complaint vague and conclusory.   The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the first amended complaint must be dismissed as to the remaining defndants. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

       Should Plaintiff fail to file a second amended complaint, this action will proceed against Defendant Hieng.  The court will provide Plaintiff with the appropriate forms, and will direct service of process upon Defendant Hieng.  The remaining defendants will be dismissed.

       In accordance with the above, IT IS HEREBY ORDERED that:

       1. Plaintiff's is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."

IT IS SO ORDERED.

**Dated:   April 15, 2008**                        /s/  **William M. Wunderlich**
                                                  UNITED STATES MAGISTRATE JUDGE